IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS KUHN,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | : | NO. 2:22-cv-02445-MRP |
| Defendant. | : | |

**Perez, J.**                                                                                                                    **March 20, 2024**

## MEMORANDUM

On April 25, 2023, this Court stayed all proceedings in this case pending a decision from the Pennsylvania Supreme Court in *Rush v. Erie Insurance Exchange*. On January 29, 2024, the Pennsylvania Supreme Court issued its *Rush* decision, holding that regular use exclusions are permissible under Pennsylvania law. Today, with the benefit of the *Rush* court's guidance, we evaluate the Parties' cross-motions for summary judgment. For the reasons that follow, this Court grants summary judgment in favor of Defendant.

**I.      BACKGROUND**

Plaintiff Thomas Kuhn was working as a Philadelphia police officer, operating a vehicle owned by the City of Philadelphia, when he was involved in a car accident. ECF 1-3 at ¶ 3-5. Plaintiff sustained serious injuries, prompting him to file a claim for uninsured motorist ("UIM") benefits under his motor vehicle insurance policy (the "Policy") with Defendant Liberty Mutual Insurance Company. *Id.* ¶¶ 6-10. Defendant denied the claim. *Id.* ¶ 10. As a result, Plaintiff initiated this lawsuit.

Plaintiff's Complaint sets forth a breach of contract claim, alleging Defendant breached the insurance contract by refusing to pay Plaintiff's UIM benefits. *Id.* ¶¶ 11-17. In turn, Defendant contends that it did not breach any duties owed under the Policy because the Policy contained a regular use exclusion. ECF 7 ¶¶ 20-21. The Policy included the following language:

> **EXCLUSIONS**
>
> A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:
> > 1. While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.
> > 2. If that person or the legal representative settles the "bodily injury" claim without our consent.

ECF 14-2 at 15.

The Policy also included an endorsement page, which began by stating: "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**" *Id.* at 25 (emphasis in original). The endorsement continued, in relevant part:

> **EXCLUSIONS**
> A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
> * * *
> 2. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Uninsured Motorist Coverage under this policy. This includes a trailer of any type used with that vehicle.

*Id.* at 26.

The Parties agree that Plaintiff was an insured under the Policy at the time of the accident, and that he was using a vehicle owned and provided by his employer. ECF 15 at 7, 10-11; ECF 17 at 14-15. In addition, Plaintiff testified that the subject vehicle was one of four vehicles he and the other officers in his squad were assigned to drive on any given day. ECF 14-4 at 32:12-18.

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). A dispute as to those facts "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A moving party bears the initial burden of identifying the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, then the burden shifts to the non-moving party to set forth facts establishing a genuine issue of material fact. *Id.* at 324. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323-24.

## III. DISCUSSION

The Parties dispute three issues: (1) whether the Policy contains a regular use exclusion; (2) if so, whether the regular use exclusion is enforceable; and (3) if it is enforceable, whether the regular use exclusion applies to the facts here. For the following reasons, the Court concludes that the Policy contains an enforceable regular use exclusion that applies to the facts in this case.

### A. The Policy Contains a Regular Use Exclusion

In insurance contract disputes, "[t]he challenged language must be considered in the context of the entire policy; courts should read policy provisions to avoid ambiguities, if possible, and not torture language to create them." *Franklin v. Gen. Elec. Cap. Assurance Co.*, No. 02-3359, 2004 WL 220855, at *3 (E.D. Pa. Jan. 6, 2004) (quoting *Sorbee Int'l Ltd. v. Chubb Custom Ins. Co.*, 735 A.2d 712, 717 (Pa. Super. Ct. 1999)). Plaintiff argues that the Policy does not contain a regular use exclusion because the original Policy and endorsement are inconsistent, and any inconsistencies must be construed in Plaintiff's favor. Defendant responds that no ambiguity

exists, and because the endorsement clearly replaces the original Policy language, it should be treated as an enforceable amendment to the original Policy. Defendant is correct.

"Where an [endorsement] has been added to a general policy, rules of construction dictate that an endorsement . . . becomes and forms a part of the contract and the policy and endorsement . . . shall be construed together." *Franklin*, 2004 WL 220855, at *4. Moreover, "[i]f there is a conflict between the terms of the endorsement and those in the body of the main policy, then the endorsement prevails." *Id.* (quoting *St. Paul Fire and Marine Ins. Co. v. U.S. Fire Ins. Co.*, 665 F.2d 521, 524 (3d Cir. 1981)); *see, e.g.*, *First Liberty Ins. Corp. v. Selective Ins. Co. of the Se.,* No. 21-4471, 2022 WL 1557269, at *1 n.1 (E.D. Pa. May 17, 2022) ("An endorsement is an amendment to an insurance policy.").

The endorsement here clearly and unequivocally states that it changes the Policy. The endorsement instructs the insured to read it carefully, and Plaintiff never alleges that he objected to the changed language at the time the endorsement was issued. As the parties intended, we treat the endorsement as an amendment to the Policy. The endorsement, and therefore the Policy, excludes UIM coverage for "any non-owned motor vehicle that is furnished or made available for [the insured's] regular use." ECF 14-2 at 26. As such, the Policy includes a regular use exclusion.

      **B.**      **The Regular Use Exclusion is Enforceable**

Plaintiff, relying on the Pennsylvania Superior Court's decision in *Rush v. Erie Insurance Exchange* argues that regular use exclusions violate Section 1731 of the Motor Vehicle Financial Responsibility Law ("MVFRL") and are therefore unenforceable. In response, Defendant argues that the Superior Court decision conflicts with Pennsylvania Supreme Court precedent, and regular use exclusions are enforceable. After the Parties' submitted their briefing on the instant motion,

the Pennsylvania Supreme Court overruled the Superior Court's decision in *Rush*, holding that regular use exclusions do not violate Section 1731 of the MVFRL.

Adhering to its precedent and the principles of stare decisis, the Supreme Court unequivocally "continue[d] to hold that the 'regular' use exclusion is a permissible limitation of UIM coverage under the MVFRL." *Rush v. Erie Ins. Exchange*, 308 A.3d 780, 802 (Pa. 2024). In *Burstein v. Prudential Prop. & Cas. Ins. Co.*, the court upheld regular use exclusions as enforceable on public policy grounds. 809 A.2d 204, 208 (Pa. 2002). In so holding, the court reasoned that invalidating regular use exclusions would force insurers "to increase the cost of insurance, which is precisely what the public policy behind the MVFRL strives to prevent." *Id.* In *Williams v. Gov't Emps. Ins. Co.*, the court revisited the issue, noting that "[s]ince [*Burstein*], the General Assembly has not amended section 1731 to preclude any of the long-standing exclusions to coverage." 32 A.3d 1195, 1208. Concluding that the *Burstein* decision comports with legislative intent, the court again upheld regular use exclusions as permissible. *Id.* at 1209. Following a review of *Burstein* and *Williams*, the *Rush* court concluded "[t]here is no doubt that this Court held in both *Burstein* and *Williams* that the 'regular use' exclusion is permissible under the MVFRL, and that the interpretation has persisted for two decades without a legislative response." *Rush*, 308 A.3d at 795.

The Parties agree that Pennsylvania law applies to this case. Thus, under *Rush*, the Policy's regular use exclusion is permissible.

### C. The Regular Use Exclusion Applies Here

Finally, Defendant argues that the regular use exclusion applies to the facts in this case because Plaintiff testified that the vehicle was regularly available for his use. ECF 14-6 at 7-10.

Plaintiff, on the other hand, argues that the exclusion is inapplicable because Defendant never investigated how many times Plaintiff actually used the subject vehicle. ECF 16 at 21.

This Court has explained that "the test for regular use does not consider how often a vehicle, or fleet of vehicles, was actually used, but rather considers whether this vehicle or group of vehicles was regularly *available* for use." *Prudential Prop. & Cas. Ins. Co. v. Jeffrey D. Armstrong*, No. CIV.A.03-4575, 2004 WL 603416, at *2 (E.D. Pa. Mar. 24, 2004) (emphasis in original). In *Armstrong*, the court explained that a vehicle may still be considered regularly available for use, even if an insured used the vehicle only once. *Id.* at *3; *see also Costello v. Gov't Emps. Ins. Co.*, No. 09-1246, 2010 WL 1254273, at *5 (M.D. Pa. 2010) (explaining that "the key element is the fact that [the plaintiff] had regular access to [his employer's] vehicle"). By the same token, a vehicle need not be used daily to be considered available for regular use. *Id.* at *4.

The undisputed facts make clear that the subject vehicle was regularly made available for Plaintiff's use. Plaintiff testified that the vehicle was one out of four vehicles assigned to him and his squad members on any given day. ECF 14-4 at 32:12-18. According to Plaintiff, "[w]hen we came in, we were given our assignment, and the sergeant would tell us what car we were using and give us the keys." *Id.* at 31:6-11. The number of times Plaintiff used the vehicle is immaterial. Rather, the fact that the vehicle was one of four to which Plaintiff had access on any given day establishes that the vehicle was regularly available for Plaintiff's use.

## IV. CONCLUSION

"[W]here the facts are not in dispute, and reasonable minds cannot differ as to the result, the issue of coverage can be decided as a matter of law by the Court." *Armstrong*, 2004 WL 603416, at *2 (quoting *Crum & Forster Pers. Ins. Co. v. Travelers Corp.*, 631 A.2d 671, 673 (Pa. Super. Ct. 1993)). Defendant met its initial burden of demonstrating the absence of genuine issues of material fact, but Plaintiff has failed to set forth evidence suggesting the vehicle was not

regularly available for use. As a result, summary judgment in Defendant's favor is warranted. An appropriate order follows.